THE COUNTERS FIRM, P.C.
Representation you can count on.

Lisa Counters, SBN 016436
4809 E. Thistle Landing Drive, Suite 100
Phoenix, Arizona 85044
Lisa@countersfirm.com
Voice: (602) 490-0030
Fax: (888) 683-8397
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kathleen Grant,<br><br>Plaintiff,<br><br>vs.<br><br>Life Insurance Company of North America, a foreign insurer, Banner Health, Inc., Long Term Disability Plan of Banner Health, Inc., Banner Plan Administration, and Banner Health & Welfare Committee,<br><br>Defendants. | Case No. :<br><br>**COMPLAINT** |

For her claim against Defendants, Kathleen Grant ("Grant") alleges as follows:

**PARTIES**

1. Grant is a resident of Maricopa County, Arizona.

2. Defendant Banner Health, Inc. ("Banner") is an Arizona corporation. Banner is the Plan Sponsor, Plan Administrator of the Plan.

3. Defendant Banner Long-Term Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by Banner for the benefit of its employees.

4. Banner Plan Administration ("BPA") is a claim administrator appointed by Defendant Banner Health & Welfare Committee ("BHWC") to administer and determine benefit claims and is a plan administrator.

5. Defendant Life Insurance Company of North America ("LINA") is an insurance company with its principal place of business in Pennsylvania. LINA is authorized to do business in Maricopa County, Arizona. On information and belief, LINA assumed responsibility as the Plan's claim administrator at some time in 2012.

6. Defendants are either "named fiduciaries" pursuant to 29 U.S.C. § 1133(2); "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A); or designated fiduciaries pursuant to 29 U.S.C. § 1105(c)(1)(B).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendants by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan, LINA, BPA, and BHWC have caused events to occur in Arizona out of which Grant's claims arise.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), and 28 U.S.C. § 1331 (federal question).

9. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974.

## FACTUAL BACKGROUND

10. Banner provided certain employees with LTD insurance through the Plan.

11. At all relevant times, Grant was a Banner employee who was entitled to receive benefits under the Plan.

12. Grant suffers from cognitive deficiencies and post-concussion syndrome sustained as the result of a motor vehicle accident on January 8, 1999.

13. In 1999, Grant qualified for LTD benefits under the Plan (f/k/a the Samaritan Long Term Disability Plan).

14. In 1999 the terms of the Plan would pay LTD benefits if, "by means of sickness or injury and directly and independently of all other causes, [Grant] is disabled so that she is completely prevented from engaging in any occupation or employment for which she is fit by reason of experience, training or education."

15. Prior to becoming disabled, Grant was a transplant nurse for Banner.

16. Banner paid LTD benefits to Grant from 1999 to November 13, 2008.

17. In January of 2009, the Plan became known as the Banner Health Long-Term Disability (LTD) Plan.

18. The terms of the Plan in 2009, when Grant started receiving benefits paid benefits if Grant has been disabled for 182 days and if she suffers from an injury or sickness of permanent or long continued duration, which, directly and independently of all other causes, disables her so that she is completely prevented from engaging in any occupation or employment for which she is fit by reason of experience, training, or education.

19. Grant exhausted her administrative remedies and filed suit in Arizona District Court, Case no. 2:10-cv-01933 against Banner Health Long-Term Disability Plan, BHWC, and BPA to recover unpaid plan benefits. The parties settled the dispute out of court, and the case was dismissed in May 2011.

20. The settlement included returning Grant to an active claim and she began to receive benefits again.

21. As part of the transition from self-funded to fully-insured, Banner purchased a Self-Funded Disability Terminal Liability Policy ("Terminal Policy").

22. The Terminal Policy purports to cover any employee who is disabled as of the date of the Terminal Policy under the terms of the 2012 Summary Plan Description ("2012 SPD").

23. On information and belief, in 2012, Banner ceased self-funding its LTD benefits and the Plan became fully-insured by Defendant LINA.

24. For employees, including Grant that were already receiving benefits under the Plan, LINA offers a Claim Reserve Buy-out Program ("RBO Program").

25. LINA advertises that the RBO program provides benefits for employers, including the ability to pay one lump sum to buyout the existing risk, tax advantages, and the ability of the employer to avoid employee benefit claim lawsuits.

26.

27. On September, 12, 2012, LINA provided notice to Grant that LINA was assuming responsibility for administering and processing Grant's LTD benefits.

28. LINA then paid benefits to Grant through August 22, 2013, at which time it terminated Grant's LTD benefits on grounds that she was no longer disabled, based solely on July 2013 neuropsychological testing that was invalid and could not be used to determine whether Grant was disabled.

29. On February 27, 2014, Banner provided a summary plan description ("SPD") for the Banner LTD Plan and a Group Long Term Disability Certificate for the 2012 Plan to Grant in response to her detailed request for copies of all plan documents.

30. Banner did not disclose a complete plan document for the Samaritan Plan or the Banner LTD Plan and did not provide the "2012 SPD" which is allegedly the plan under which Grant's disability benefits were to be paid.

31. Grant appealed LINA's denial.

32. LINA issued its final denial of Grant's claim on January 8, 2015.

33. In the denial, LINA denied Grant's claim based on a definition allegedly contained in "Policy RBO-030036," which is, on information and belief, the Terminal Policy.

34. The denial continued to rely on invalid neuropsychological testing.

35. Grant continues to be totally disabled, regardless of the plan language under which her disability is determined.

36. Grant has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

37. Grant incorporates and re-alleges all previous allegations.

38. Grant's benefits are purportedly defined by the Terminal Plan.

39. The Terminal Plan does not contain a delegation of discretion to Banner or LINA, the decision-maker.

40. Grant became disabled in 1999, she continues to be disabled, and is unable to perform the duties of her occupation or any gainful employment.

41. On information and belief, LINA, BPA, BHWC operate the Plan under a conflict of interest.

42. Despite the coverage of Grant's long-term disability, Defendants have improperly denied LTD benefits to Grant. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

43. Pursuant to the coverage provided to Grant, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Grant is entitled to recover all benefits due under the Terminal Plan, and to enforce her rights under its terms. Grant is further entitled, pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) to clarification in this action in this Court of her rights to future benefits under the Terminal Plan.

44. Pursuant to 29 U.S.C. § 1132(g), Grant is entitled to recover her attorneys' fees and costs incurred herein from Defendants.

45. Grant is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled under A.R.S. § 20-462.

**COUNT II**

**FAILURE TO PRODUCE PLAN DOCUMENTS**

**(AGAINST BANNER & BPA)**

46. All previous allegations are incorporated and re-alleged in this count.

47. Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4) requires Plan Administrators to provide, upon request of any participant or beneficiary, a copy of the latest updated plan description in addition to the latest annual report, terminal report, bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

48. Failure of the Plan Administrator to provide plan documents within 30 days under 29 U.S.C. 1132(c)(1)(B) exposes the Plan Administrator to a penalty of up to $110 per day from the date of the failure to provide documents.

49. Banner and BPA are Plan Administrators.

50. On January 28, 2014, Grant requested copies of all documents, records, and other information relating to the plan.

51. Banner did not provide any plan documents for the Samaritan Plan.

52. The language of the SPD for the Banner LTD Plan disclosed by Banner specifically states that “[it] is not the insurance contract. It does not waive or alter any of the terms of the policy. If questions arise, the Policy will govern. [Participants and beneficiaries] may examine the Policy at the office of the Policyholder or the Administrator.”

53. Banner did not disclose the policy instrument referred to in the SPD for the Banner LTD Plan.

54. Banner attached an exhibit page to the 2012 Plan document it disclosed stating “Exhibit A is 2012 SPD,” but Banner did not provide the SPD.

55. Banner therefore failed to disclose the Samaritan Plan’s policy document, the Banner LTD Plan policy document, and the 2012 Plan’s SPD the in violation of 29 U.S.C. 1132(c)(1)(B).

WHEREFORE, Grant prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due to Grant;

B. For general and special damages arising from LINA’s violation of ERISA 29 U.S.C. § 1104(a)(1);

C. For judgment awarding Grant $110 per day for each day beyond 30 that Banner failed to provide Grant with complete copies of the plan document;

D. A declaration of what plan document or plan documents govern Grant’s disability;

E. Clarifying and determining Grant’s rights to future benefits under the terms of the Plan that apply to Grant;

F. For an award of Grant's attorneys' fees and costs incurred herein;

G. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

H. For such other and further relief as the Court deems just and reasonable.

Dated: December 29, 2015.

THE COUNTERS FIRM, P.C.

By: /s Lisa J. Counters
Lisa Counters